# Exhibit A

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement (the "Agreement") dated as of June 23, 2014, is among Tile Shop Holding, Inc. ("Tile Shop"), Kinkeung Mok ("Mok"), and Levi Korsinsky LLP ("Levi Korsinsky"), collectively referred to as the "Parties."

**WHEREAS**, Mok represents that he is a stockholder of Tile Shop, and Levi Korsinsky has been appointed by Mok as attorneys-in-fact and agents for purposes of his request to inspect and copy certain documents pursuant to Del. Corp. §220(b) (the "Demand");

**WHEREAS**, Levi Korsinsky, on Mok's behalf, has sent Tile Shop letters dated February 21, 2014 and April 25, 2014, constituting the Demand;

**WHEREAS**, without waiving or determining the validity of any rights that any person may have with respect to the Demand, Tile Shop is willing to make available to Mok and Levi Korsinsky (collectively, the "Mok Parties"), for inspection and copying, certain documents in response to the Demand (which, together with any other information, materials or ideas made available by Tile Shop to the Mok Parties, is referred to as the "Available Information");

**THE PARTIES AGREE** that the following terms and provisions shall govern the handling of Available Information, whether printed, recorded or reproduced by any other mechanical or electronic process, or written or produced by hand:

1. Tile Shop may designate any Available Information as "Confidential" under the terms of this Agreement if Tile Shop believes in good faith that such produced material contains non-public, confidential, proprietary, or commercially or personally sensitive information (including potentially material information) that requires the protections provided in this Agreement (such information hereinafter referred to as "Confidential Produced Material"). Confidential Produced Material shall not, however, include information that:

    (a) is now or subsequently becomes generally available to the public;

(b) is demonstrated to have been rightfully in the possession of the Mok Parties on a non-confidential basis prior to disclosure by Tile Shop; or

(c) is rightfully obtained from a third party who has the right to transfer or disclose the information to the Mok Parties on a non-confidential basis.

2. The Mok Parties shall use Confidential Produced Material, or information derived therefrom, in conformity with Paragraph 4 hereof, solely to investigate possible claims of mismanagement by Tile Shop's officers and directors and to provide a factual basis for litigation, if any, stemming therefrom. The Mok Parties agree that they will not purchase or sell, or agree to purchase or sell, any Tile Shop securities or options in Tile Shop securities on the basis of the Confidential Produced Material.

3. The designation of Available Information as "Confidential" for purposes of this Agreement shall be made by affixing the legend "Confidential" to each document containing any Confidential Produced Material, provided that the failure to designate a document as "Confidential" does not constitute a waiver of Tile Shop's right to so designate such document, and Tile Shop may so designate a document after such document has been produced, with the effect that such document is subject to the protections of this Agreement after such designation.

4. The Mok Parties must hold all Confidential Produced Material in confidence and shall not disclose, summarize, describe, characterize or otherwise communicate or make available in whole or in part, any Confidential Produced Material except to experts or consultants retained to assist the Mok Parties in furtherance of the purposes stated in the Demand, subject to the further requirements of Paragraph 5. If the Mok Parties desire to use information that they obtain from Confidential Produced Material in connection with litigation concerning possible claims of mismanagement by Tile Shop's officers and directors, they shall use their best efforts

2

to file any papers that contain or refer to such information under seal. If a motion or a joint motion for a reasonable order of confidentiality is pending, the Mok Parties shall serve and file any papers that contain or refer to information obtained from Confidential Produced Material under seal. The Mok Parties may provide their local counsel in any litigation with a copy of Confidential Produced Material or of information obtained from Confidential Produced Material, provided that the Mok Parties first obtain the agreement of their local counsel to abide by this Agreement.

5.      If the Mok Parties seek to disclose, summarize, describe, characterize or otherwise communicate or make available in whole or in part any Confidential Produced Material to any expert or consultant described in Paragraph 4, such expert or consultant shall first be advised by Levi Korsinsky that the information is being disclosed pursuant and subject to the terms of this Agreement, and shall be required to confirm their understanding and agreement to abide by the terms of this Agreement by signing a copy of Exhibit A hereto. Levi Korsinsky shall retain each such executed copy of Exhibit A, which shall be made available to Tile Shop upon the earlier of (a) the designation of the signatory as an expert in any litigation arising out of or related to the Demand, (b) the termination of any such litigation, or (c) an order of a court. Nothing herein shall prevent Tile Shop from seeking at any time *in camera* inspection of any executed Exhibit A by a court, or other relief for good cause shown.

6.      Each of Tile Shop and the Mok Parties acknowledges and agrees that neither the execution nor delivery of this Agreement by any Party hereto, nor the provision of any Confidential Produced Material for inspection and copying hereunder, nor the performance of or compliance with this Agreement by any Party hereto, shall:

(a) prejudice in any way the rights of Mok to seek to exercise or enforce his legal rights as a stockholder of Tile Shop;

(b) prejudice in any way the rights of Tile Shop to object to the purpose, scope, or form of the Demand, or to the inspection or production of documents requested by the Demand, or operate as an admission that (i) the Demand complies with Del. Corp. §220(b), or (ii) Tile Shop is required by reason of Del. Corp. §220(b) or other applicable law to produce or make available for inspection any information requested by the Demand;

(c) prejudice in any way the rights of any Party hereto to object to the authenticity or admissibility into evidence in any action of any Confidential Produced Material;

(d) prejudice in any way the rights of Tile Shop to seek a protective order relating to any Confidential Produced Material; or

(e) otherwise affect the respective rights of the Parties hereto concerning discovery or any applicable privileges or immunities in any action.

7. If the Mok Parties receive a subpoena or other compulsory process calling for disclosure of Confidential Produced Material, they shall: (a) provide Tile Shop with notice of such subpoena or compulsory process within three (3) business days after their receipt thereof, or if a response is due in less than 3 business days, at least 24 hours before the deadline for a response to such subpoena or other compulsory process, identifying in reasonable detail the Confidential Produced Material that the Mok Parties believe is required to be disclosed and the persons to whom such disclosure will be made and enclosing a copy of such subpoena or other evidence of such compulsory process; (b) if requested by Tile Shop, reasonably cooperate with Tile Shop in any efforts by Tile Shop to seek a protective order against such disclosure; (c) not make any disclosure of Confidential Produced Material until after the court has ruled upon Tile

4

Shop's motion for a protective order, or, if Tile Shop does not move for a protective order, until at least ten (10) business days after the Mok Parties have provided Tile Shop with the notice required under the foregoing clause (a), except to the extent such subpoena requires earlier disclosure. The Mok Parties shall make any disclosure of Confidential Produced Material only to such persons and only to such extent as may be reasonably necessary to comply with such subpoena or compulsory disclosure (after giving effect to any protective order or limitation on such subpoena or compulsory disclosure), shall advise such persons of the confidential nature of such Confidential Produced Material, and shall use their reasonable best efforts to cause such persons to protect the confidentiality of such Confidential Produced Material to the maximum extent reasonably practicable.

8.  If Available Information alleged to be subject to attorney-client privilege, attorney work product, or any other applicable privilege or immunity is disclosed to the Mok Parties, such disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other applicable privilege or immunity that Tile Shop would otherwise have, and the Mok Parties agree not to assert that voluntary production of such Available Information pursuant to this Agreement constitutes a waiver of any privilege or immunity. If a reasonable and good-faith claim of inadvertent production is made with respect to Available Information then in the custody of Mok, Levi Korsinsky, or any signatory to Exhibit A hereto, such person shall promptly return to Tile Shop the material as to which the claim of inadvertent production has been made, shall destroy any copies thereof, and shall not use or disclose such inadvertently produced material for any purpose.

9.  This Agreement shall be governed by the laws of the State of Delaware.

10. Any dispute arising between the Parties relating to interpretation of the provisions of this Agreement or to the performance of the Parties hereunder shall be brought in the state or federal courts of Minnesota, and the Parties consent to the personal jurisdiction of the state or federal courts of Minnesota for this purpose.

11. This Agreement is to and for the benefit of Tile Shop. Each Mok Party recognizes that any Mok Party's violation of this Agreement could cause Tile Shop irreparable harm and significant injury, the amount of which would be extremely difficult to estimate, thus, making any remedy at law or in damages inadequate. Therefore, the Mok Parties agree that Tile Shop shall have the right to apply to the courts of Minnesota for an order restraining any breach or threatened breach of this Agreement and for specific performance and/or any other similar injunctive relief Tile Shop deems appropriate in order to protect the confidentiality of the Confidential Produced Material. This right shall be in addition to any other remedy available to Tile Shop at law or in equity.

12. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

13. All notices required or permitted under this Agreement shall be deemed given (i) if by hand delivery, upon receipt thereof, and (ii) if sent via overnight courier, upon receipt, and shall be delivered to the parties at:

(a) in case of Tile Shop:

Wendy J. Wildung, Esq.
FAEGRE BAKER DANIELS LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Wendy.Wildung@FaegreBD.com

(b) in the case of any Mok Party:

Nicholas I. Porritt
LEVI KORSINSKY LLP
1101 30th Street, NW, Suite 115
Washington, D.C. 20007
nporritt@zlk.com

(as such addresses may be changed from time to time pursuant to notice in accordance with this Paragraph 13).

14. Mok, Levi Korsinsky, and each signatory of Exhibit A hereto shall make commercially reasonable efforts to return or destroy all Available Information in its original format and all copies thereof, and to destroy any notes or other documents created by Mok, Levi Korsinsky, or any signatory of Exhibit A hereto that reproduce or reflect such Available Information, within 90 days of completing the purposes described in the Demand.

**IN WITNESS WHEREOF**, the Parties hereto have caused this Agreement to be executed and delivered as of the date and year first written above.

TILE SHOP HOLDINGS, INC.

By: _____
Wendy J. Wildung
FAEGRE BAKER DANIELS
Its Attorney

LEVI KORSINSKY LLP, on its own behalf
and on behalf of KINKEUNG MOK

By: _____
Nicholas I. Porritt
LEVI & KORSINSKY, LLP
Attorney for Kinkeung Mok and Partner in Levi Korsinsky LLP

7

US.54170903.03

US.54170903.03

EXHIBIT A

## AGREEMENT TO BE BOUND BY
## CONFIDENTIALITY AGREEMENT

I have read the Confidentiality Agreement among Tile Shop Holdings, Inc., Kinkeung Mok, and Levi Korsinsky LLP ("Levi Korsinsky"). I understand and agree to comply with such Confidentiality Agreement in all respects to the same extent as if I were a Mok Party thereunder. I hereby consent and submit to the jurisdiction of, and waive any and all objections to personal jurisdiction or venue in, the state or federal courts of Minnesota for the purposes of enforcement of the Confidentiality Agreement or this Agreement.

I agree to the appointment of Levi Korsinsky as my agent for service of process for any suit, action, or other proceeding arising out of the Confidentiality Agreement or this Agreement, and agree that notice pursuant to the terms of the Confidentiality Agreement constitutes effective service of process on me.

Date: 3/10/2015    _____